■ In the Matter of Samuel Shatkin, Respondent, v St. Joseph Hospital et al., Appellants.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: The medical staff bylaws of respondent hospital provide for the automatic suspension of the hospital privileges of any practitioner whose license is revoked or suspended or of any practitioner placed on probation. After petitioner was placed on probation for three years by the State Board of

Regents for engaging in improper sexual conduct involving female patients, respondent enforced the automatic suspension provision of the bylaws against petitioner. Petitioner commenced a CPLR article 78 proceeding challenging the hospital's action on several grounds, including the failure of the bylaws to comply with 10 NYCRR 405.1023 (i) (2), then in effect. Supreme Court granted the petition on this ground and ordered that petitioner be restored to staff privileges. We reverse and dismiss the petition.

In our view, article VII of the bylaws, which contains a clear and precise statement of the policies under which the medical staff regulates itself and sets forth the procedures for withdrawing privileges to physicians, complies with the applicable regulations. Although 10 NYCRR former 405.1023 (i) (2) (iv) required that bylaws include "[a] mechanism for appeal of decisions regarding medical staff membership and privileges", that provision is inapplicable to the present situation where the suspension of petitioner's privileges was the result of his being placed upon probation by the State Board of Regents, not the result of a decision made by the hospital. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—art 78.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.